IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00524-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  SCOTT RAYMOND TIGNOR,

        Defendant.

## ORDER

    This matter comes before the Court on defendant Scott Raymond Tignor's Motion for Stay Pending Appeal and Modification of Supervised Release (or Indicative Ruling Thereon) [Docket No. 86], wherein Mr. Tignor requests that the Court either (1) stay his special condition of supervised release requiring drug testing and/or treatment or (2) eliminate that condition of supervised release. *Id*. at 1.  The request is based on the fact that Mr. Tignor has appealed the imposition of that special condition and he is now subject to that condition since he has recently been released. *Id*. at 4.  The United States and the Probation Office oppose Mr. Tignor's motion.  Docket Nos. 89, 91.

    The Court conducted a hearing on alleged supervised release violations in this case on November 3, 2022.  Docket No. 73.  The defendant admitted to four violations. *Id*. at 1.  The government agreed to dismiss the alleged violation of having possessed methamphetamine and the corresponding allegation of a law violation. *Id*.  Those allegations stated that, on or about August 14, 2022, Iowa State Highway Patrol officers

arrested the defendant at the Iowa State Fair.  Docket No. 70 at 2.  A search of defendant revealed a pipe that tested positive for methamphetamine.  *Id*.  The defendant admitted to having used a pipe a couple of hours earlier.  *Id*.  At the sentencing phase of the hearing, Mr. Tignor objected to the Probation Office's proposed special condition of supervised release that the defendant "must participate in a program of testing and/or treatment for substance abuse approved by the probation officer and follow the rules and regulations of such program."  Docket No. 71 at 5.  Mr. Tignor noted that such a condition was not imposed in Mr. Tignor's underlying sentence and that the current recommendation was probably based on the allegations related to the Iowa drug incident, which charges were dropped in Iowa.  Docket No. 82 at 10-11.  In its sentencing comments at the hearing, the United States asked the Court to impose the special condition regarding drug testing.  *Id*. at 17, 21.  The Assistant United States Attorney noted that she had the certified court documents from Iowa that included signed affidavits of the arresting officers.  *Id*. at 18.  The affidavits indicated that the white residue on the pipe was field tested positive for methamphetamine and that defendant stated that he had just smoked two hours ago.  *Id*.  The defendant did not object to the Assistant United States Attorney's statements about the certified records.  In his allocution, the defendant denied possessing methamphetamine or a drug pipe.  *Id*. at 26.

The Court overruled the defendant's objections to the drug treatment special condition.  *Id*. at 31.  The Court noted that the certified copy of the police report stated that the defendant admitted to having used methamphetamine.  *Id*.  Based on that information, the Court felt that the drug treatment program would determine whether he

2

had a drug problem, *id.*, and, if so, to treat it. *Id.* at 36-37. The Court considered the special condition to be an appropriate condition in addition to the periodic drug testing condition. *Id.* at 33.

In determining whether to grant a stay of a condition of supervised release pending appeal, the Court considers the following factors:

> (1) whether the applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009) (citation omitted).

As to the first factor, the Court finds that Mr. Tignor does not make a strong showing that he is likely to succeed on the merits. The statement in the Iowa police affidavit that the defendant admitted to smoking methamphetamine two hours before, a statement not objected to by the defendant and not directly denied by the defendant during his allocution, is sufficiently reliable to form the basis for the Court's imposition of the drug testing special condition. *See United States v. Richards*, 958 F.3d 961, 965 (10th Cir. 2020) (examining whether the court had reason to believe that the defendant is an abuser of narcotics). Moreover, the Court does not find that the special condition was more restrictive than necessary. As the Court explained at the hearing, if the Probation Office discovered that the defendant was currently abusing controlled substances, it was important that the conditions of supervised release allow the Probation Office to put him in a treatment program without first seeking a modification of his terms and conditions. Docket No. 82 at 36-37.

Under the circumstances, the second factor, whether Mr. Tignor will be irreparably harmed absent a stay; the third factor, whether any other parties would be injured by a stay; and the fourth factor, the public interest, are interrelated and should be considered together.  The Court does not find that these factors weigh in favor of a stay.  Not only has the Court found that the special condition at issue is important to Mr. Tignor's supervision, but the Probation Office has confirmed that fact based on the defendant's performance on supervised release since his release on February 10, 2023.  *See* Docket No. 89.  The defendant has missed eight scheduled drug tests and is not attending appointments at Recovery Unlimited, the treatment provider for both mental health and drug treatment issues.  *Id*. at 1-2.  As a result of the defendant not complying with the separate conditions of random drug testing and of mental health treatment, the Probation Office considers it even more important that the defendant is subject to the drug treatment condition.  "Given the reasons outlined in this memo and the defendant's refusal to comply with these and other conditions of supervision, it is unknown if he does or does not have substance abuse issues. The Probation Office relies on drug testing results and treatment provider evaluations to determine if there is a need for substance abuse and/or mental health services." *Id*. at 2.  The Probation Office's ability to perform its job of supervising the defendant and keeping the public safe would therefore be harmed by removing the special condition.  Moreover, rather than irreparably harming the defendant, the special condition is actually important for the defendant's well-being.  And, even if Mr. Tignor's having to complete the drug program during the pendency of his appeal is considered a harm, there is a possibility that his on-going failures to comply with the other terms and conditions of supervised release,

4

which he appears to link to his objections to the drug testing and treatment special condition, could lead to a revocation of supervised release, which would seem to be a more serious form of irreparable injury.  Finally, the Court agrees with the government that there is potential harm to the public by the defendant not being properly evaluated for a substance abuse program, which, if the defendant is abusing drugs, could lead him to commit future crimes.

The *Nken* factors do not weigh in favor of a stay of the defendant's special condition regarding drug treatment.  The Court finds that it is not appropriate to stay or to modify the special condition of supervised release requiring drug treatment. Wherefore, it is

ORDERED that Motion for Stay Pending Appeal and Modification of Supervised Release (or Indicative Ruling Thereon) [Docket No. 86] is denied.

DATED March 27, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge